| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |
|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br><br>2018-013629-CA-01 |
|---|---|---|

| PLAINTIFF(S)<br><br>V.S. , by and through<br>her legal guardian and mother, S.B. | VS.  DEFENDANT(S)<br><br>MIAMI DADE COUNTY SCHOOL<br>BOARD; and JEANETTE JOHNSON,<br>individually | SERVICE |
|---|---|---|

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): MIAMI-DADE SCHOOL BOARD

BY SERVING THE CHAIR OF THE SCHOOL BOARD: Perla Tabares Hantman

1450 N.E. 2nd Avenue, Suite 700, Miami, Florida 33132

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Stephanie Langer, Esq.

whose address is: Disability Independence Group, Inc.

2990 Southwest 35th Avenue, Miami FL 33133

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK OF COURTS** | BY: _____<br>DEPUTY CLERK | MAY 2 2 2018<br><br>DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

Clerk's web address: www.miami-dadeclerk.com

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

V.S., by and through her legal
guardian and mother, S.B.

          CASE NO:
          DIVISION:

        Plaintiffs,

vs.

MIAMI DADE COUNTY SCHOOL BOARD;
and JEANETTE JOHNSON, individually,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, V.S. by and through her legal guardian and mother, S.B., and

by and through the undersigned counsel, and in accordance with the applicable Florida Rules of

Civil Procedure, and hereby sues defendants, MIAMI DADE COUNTY SCHOOL BOARD and

JEANETTE JOHNSON, individually, and allege as follows:

## **PARTIES**

1. The Plaintiff, S.B., is an individual *sur juris* and the parent, mother, of V.S. and the court
appointed guardian of V.S. with the capacity to sue on V.S.'s behalf.

2. The Plaintiff, V.S. is a disabled adult, who resides in Miami Dade County, Florida and is
a student in the Miami Dade County Public School system and is otherwise *suri juris*.

3. The Defendant, School Board of Miami Dade County, Florida (herein after "BOARD") is
a corporate body and governmental agency duly empowered by the constitution and
statutes of the state of Florida to administer, manage, and operate the Miami Dade County
Public Schools.  The BOARD receives local, state and federal funding for the education of
children with disabilities. The BOARD meets the definition of a public entity under 42
U.S.C. § 12131.

4. The defendant, JEANETTE JOHNSON (herein after "JOHNSON"), at all times material to this action, was and is a resident of Miami Dade County, Florida and is otherwise *suri juris*. At the time of the abuse described herein, JOHNSON was an employee of the BOARD and V.S.'s school bus aide.

## JURISDICTION AND VENUE

5. This is an action for damages in excess of fifteen thousand dollars $15,000.00, exclusive of interest and costs, and otherwise within the jurisdictional limits of this Court.
6. Venue is proper in Miami Dade County, Florida, because the incident from which this cause of action arises occurred in Miami Dade County, Florida.

## GENERAL ALLEGATIONS

7. This action arises out of unlawful intentional battery, gross neglect and other acts of misconduct against V.S. by her school bus aide, JOHNSON, who committed such heinous acts on Plaintiff while working as an employee of the BOARD.
8. At all times material, Plaintiff was a under the care, custody and control of JOHNSON.
9. V.S. has been diagnosed with Autism, intellectual disability, impulse control disorder – not otherwise specified and a mood disorder not otherwise specified. V.S. is essentially non-verbal and has a limited ability to communicate.
10. V.S. resides in a group home in Miami Dade County, Florida.
11. V.S. attends public school at a Miami Dade County public school.
12. V.S. is a student with a disability and eligible for exceptional student education services from the BOARD.
13. V.S. has an individualized education plan (IEP) which describes the student's need for specialized transportation and supports while riding the school bus. V.S. is eligible for specialized transportation to and from the group home to her public school program.
14. V.S. is required to ride on a special bus filled with other students who have disabilities. There is a bus driver and at least one aide on the bus at all times.  This population of students is separated from their non-disabled peers.  V.S. is not on a traditional school bus and upon information and belief this school bus does not have cameras.  Without cameras

there is no way to monitor what occurs on the bus and because most of the students are non verbal there is no way to ask the students.

15. In addition to being on a specialized bus, V.S. also requires a harness so that she is not able to move around the bus and is dependent on an adult to get her into and out of the harness. JOHNSON was responsible for getting V.S. into and out of the harness.

16. JOHNSON was able to move around the bus freely.

17. JOHNSON often sat next to V.S

18. On or about September 22, 2016, V.S. was riding the school bus home from school.  She was in the harness.

19. JOHNSON was serving as a bus aide and sitting next to V.S.

20. At all times material, Defendant JOHNSON was in a position of authority and control. Said authority and control was vested in her by the Defendant, BOARD, and its employees, including the bus driver.

21. While acting as a bus aide, JOHNSON sat on V.S., pushed V.S., mocked V.S. and subjected V.S. to verbal abuse.

22. The abuse was captured on video tape by another student and witnessed by other students on the bus.

23. It is also suspected that JOHNSON was responsible for a large bruise V.S. had on her leg.

24.  The distress is clear on V.S. face and in her verbalizations and body language.

25. The bus driver did not intervene.

26. Upon information and belief, this was not the first incident of abuse, just the first time it was captured on video by another student.

27. The BOARD failed to provide the requisite level of support, training and monitoring of its employees to ensure V.S. would be safe on the school bus.

28. The battery by JOHNSON, along with her verbal abuse, humiliation and mocking of V.S. has caused a breach of trust and confidence in the BOARD.  As a result, V.S. has suffered injury, including but not limited to bruising, humiliation, psychological injuries, loss of faith and feeling safe, anxiety, mood swings, and the loss of capacity for the enjoyment of life.  These injuries suffered were severe and continuing.

29. The BOARD, as the operator and owner of the school bus, had a duty to operate said school bus with reasonable care and for the protection and safety of those students who were riding on the school bus on or about the date of the incident at issue in this case.

30. The Plaintiff has complied with all the conditions precedent to maintaining this action, including statutory notice to the Defendant BOARD pursuant to Florida Statue section 768.28.

31. Plaintiff, by and through her parent and guardian, has engaged the law firm of Langer Law, P.A. to represent her in this action who are obligated to pay reasonable fees for their services and costs related thereto.

## COUNT I
## BATTERY

32. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. On September 22, 2016, JOHNSON was acting as an employee of the BOARD, and was so employed as a bus aide on specialized transportation for students who have disabilities.

34. At that time and place, V.S. was a student and as such an invitee of the BOARD and was on its bus when JOHNSON battered V.S., causing her bodily injury and subjecting her to verbal abuse, embarrassment and humiliation. Upon information and belief, JOHNSON also caused a bruise to V.S.'s leg.

35. JOHNSON violated Florida Statute 784.03 by committing a battery or batteries against V.S.

36. As a direct and proximate result of JOHNSON's conduct, V.S. was subjected to physical abuse that caused injury both physical and psychological.

WHEREFORE, the Plaintiffs sue Defendant JOHNSON for damages in excess of $15,000 including pre-and post judgment interest to the extent allowed by law, plus costs and interest, and demands a jury trial of all triable issues.

## COUNT II
## NEGLIENT SUPERVISION

37. Plaintiff repeats and realleges the allegations in paragraphs 1 through 31 of the Complaint

4

as if fully set forth herein.

38. Defendants had a legal duty to properly supervise V.S. while she was on a school bus.

39. Defendants breached such duty by failing to supervise V.S. in a manner that protected her from physical and verbal abuse, humiliation, and mocking while riding the school bus.

40. The Defendant, JOHNSON, and the Defendant BOARD's agents, employees and/or teachers were negligent in their duty to supervise the Plaintiff.

41. As a direct and proximate cause of the negligent supervision, the Plaintiff suffered injury, both physical and emotional.

42. These injuries were entirely preventable.

43. The Defendants were negligent in the manner that V.S. was supervised while on the school bus.

WHEREFORE, the Plaintiffs sue Defendants for damages in excess of $15,000 including pre-and post judgment interest to the extent allowed by law, plus costs and interest, and demands a jury trial of all triable issues.


COUNT III

NEGLIGENCE


44. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 31 of the Complaint as if fully set forth herein.

45. At all times material, the BOARD owed a duty to V.S. to use reasonable care to ensure V.S.'s safety, care, health, and well being by hiring, retaining, assigning, supervising and training its faculty who were employed and/or acted as agents in supervisory roles, such as JOHNSON in her position as an aide on a bus of special education students. The students on this bus are some of the most vulnerable in the public school system.

46. At all times material, the BOARD was in *loco parentis* and was held to a standard of reasonable protection for the Plaintiff – non verbal disabled child student.

47. At all times material, the BOARD knew, or in the exercise of reasonable care should have known, that JOHNSON was unfit, dangerous and a threat to the health, safety, and welfare of V.S. and other disabled, non-verbal or uncommunicative students.

48. At all times material, the BOARD owed V.S. a duty to investigate JOHNSON's past and

5

present conduct and warn V.S. and her parents of the potential for harm from JOHNSON, disclose its awareness of facts regarding JOHNSON that created a likely potential for harm, provide a safe environment for V.S. from exposure to harmful individuals like JOHNSON.

49. At all times material, the BOARD had a duty to ensure that the appropriate interventions and accommodations and services and supports were in place for this disabled student.

50. At all times material, the BOARD had a duty to ensure that the staff working with and having contact with V.S. were trained on her disability and her needs and that they had the appropriate services, interventions and supports in place to ensure V.S.'s safety on school buses.

51. At all times material, the BOARD breached these duties in one or more of the following ways:

    a. Failing to provide a safe environment for V.S. where she would be free from battery by JOHNSON, an aide, agent and/or employee of the BOARD;

    b. Failing to provide a safe environment for V.S. where she would be free from verbal abuse, humiliation and embarrassment;

    c. Failing to investigate facts regarding JOHNSON that created a likely potential for harm to students she supervised, including V.S.;

    d. Failing to have policies and procedures in place to protect its students from abuse by aides such as JOHNSON;

    e. Failing to have policies and procedures in place to ensure that other employees report abuses like those committed by JOHNSON; and

    f. Failing to provide the appropriate services and/or training for staff interacting with a disabled student.

52. As a further direct and proximate cause of the negligence of the BOARD, V.S. was subjected to physical and verbal abuse which caused V.S. to suffer physical injury and psychological injures and suffering, humiliation, embarrassment, anxiety and loss of trust and loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiffs sue defendant Miami Dade County School BOARD for damages in excess of $15,000.00 including pre-and post judgment interest to the extend allowed by law, plus costs and interest, and demand a trial by jury for all triable issues.

6

<u>COUNT IV</u>

<u>NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION</u>

53. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 31 of the Complaint as if fully set forth herein.

54. At all times material, the BOARD owed a duty to the public and specifically to V.S., a disabled student, to employ qualified and competent aides and drivers to work within its schools and on its buses, and specifically within its segregated populations, including JOHNSON.  This duty is even greater in the context of a public school where parents have a trust and faith in the leaders, a reliance on those who are chosen to lead, and the school acts in *loco parentis*.

55. The BOARD has an extra duty to protect students with disabilities and receives local, state and federal monies to do the same. This duty includes having the appropriate services, supports, interventions and trained staff in place to meet the unique needs of each disabled student, including V.S.

56. At all times material, the BOARD owed a duty to the public and Plaintiff, V.S., to make an appropriate supervision and investigation of its employees, servants, and/or agents who were in or would be placed in a position to come into contact with disabled students of the BOARD.

57. At all times material, the BOARD owed a duty to Plaintiff, V.S. to terminate any and all employees, servants and/or agents that it knew or should have known had engaged or sought to engage in abusive and/or neglectful conduct with its disabled students.

58. At all times material, the BOARD owed a duty to Plaintiff, V.S. to make an appropriate investigation of its employees, servants, and/or agents who were in or would be placed in a position to come into contact with disabled students, and to ensure the disabled students' individual needs were being met and that these students were free from physical and verbal abuse, humiliation and mocking.

59. At all times material, the BOARD owed a duty to Plaintiff, V.S. to terminate any and all employees, servants, and/or agents that it knew or should have known had engaged or sought to engage in abusive harmful behavior.

60. At all times material, the BOARD owed a duty to the public and Plaintiff, V.S. to train its employees, servants, and/or agents to identify when an abuse and/or neglectful acts occur,

are ongoing or have the potential to occur, and to report it accordingly.

61. Defendant knew or in the exercise of reasonable care should have known that by allowing Defendant JOHNSON to have access to disabled students without proper supervision or oversight, and/or without the proper supports, interventions, accommodations or services, that disabled students were at grave risk of being subjected to verbal and physical abuse, humiliation and mocking.

62. At all times material, the BOARD breached its duty to Plaintiff, V.S. in the following ways:

    a. failing to hire competent and qualified employees, servants, agents and/or agents without proclivities to engage in abusive and neglectful acts against its disabled students;

    b. failing to hire competent and qualified employees, servants, and/or agents with knowledge and training needed to accurately identify abuse of disabled students, especially non communicative students and act accordingly;

    c. failing to investigate the fitness for employment of JOHNSON;

    d. failing to train its employees, servants and/or agents to work with disabled students with respect and dignity;

    e. failing to train its employees, servants and/or agents to identify and report when a member of the BOARD staff is attempting to engage in and/or is engaging in abusive and neglectful acts against its disabled students;

    f. failing to supervise JOHNSON in a proper manner to prevent the abuse of its disabled student V.S.;

    g. failing to train its employees, servants and/or agents to report abusive acts by other employees, servants, and/or agents;

    h. failing to terminate or reassign those employees, servants, and/or agents who were aware of these actions of JOHNSON against V.S. but did nothing to stop or report it;

63. As a further direct and proximate cause of the negligence of the BOARD, V.S., has suffered physical and psychological injury, humiliation and embarrassment.

WHEREFORE, Plaintiffs, sue defendant BOARD, for damages in excess of $15,000.00 including pre-judgment and post judgment interest to the extent allowed by law, plus costs and interest, and demand a trial by jury for all triable issues.

8

<u>COUNT V</u>

<u>42 U.S.C. SECTION 1983</u>

64. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 31 of the Complaint as if fully set forth herein.

65. At all times material, the Fourteenth Amendment provides Plaintiff a right as a public school student to personal security and bodily integrity and Equal Protection.

66. Defendant, BOARD, was a state actor acting under the color of state law.

67. Defendant, BOARD, subjected V.S., to violations of her right to personal security and bodily integrity and Equal Protection by:

   a. Failing to adequately train JOHNSON and other staff to ensure that V.S. was not verbally and physically abused while on the school bus; and

   b. Failing to adequately supervise employees and/or agents of the BOARD, to ensure that disabled students were not able to be abused;

68. Defendant, BOARD, has and/or had unconstitutional customs or policies of failing to adequately train and supervise BOARD employees with regard to maintaining, preserving and protecting students with disabilities from violations of their right to personal security, bodily integrity and Equal Protection.

69. Defendant, BOARD's policies and practices and/or lack thereof constitute disparate treatment of and deliberate indifference towards disabled students.

70. As a direct and proximate result of the BOARD's written and unwritten customs and practices, V.S. was exposed to verbal and physical abuse, humiliation and mocking which caused injury -  physical and psychological, humiliation, embarrassment, anxiety and trauma.

71. As a further direct and proximate cause of the BOARD's customs and policies, V.S. has suffered damages.

WHEREFORE, Plaintiffs sue defendant BOARD for damages in excess of $15,000.00 including prejudgment and post-judgment interest to extent allowed by law, plus attorneys' fees and costs and interest and demands a trial by jury for all triable issues.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, V.S., hereby demands a trial by jury on all issues so triable.


Dated this 26th day of April, 2018.


       BY: LANGER LAW, P.A.

          <u>s/ Stephanie Langer, Esq.</u>
          Stephanie Langer, Esq.
          Fla Bar no: 149720
          15715 S. Dixie Hwy., Suite 405
          Miami, Florida  33157
          Tel: 305/901-6277 | fax: 305/901-6275
          Email Slanger@langerlawpa.com
          *Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

V.S., by and through her legal
guardian and mother, S.B.

          CASE NO:
          DIVISION:

        Plaintiff,

vs.

MIAMI DADE COUNTY SCHOOL BOARD;
and JEANETTE JOHNSON, individually,

        Defendants.

_____/

## NOTICE OF SERVICE OF INTERROGATORIES

COMES NOW the Plaintiff, V.S., by and through her legal guardian and mother, S.B., by and through their undersigned counsel and pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, propound the following Interrogatories to Defendant, MIAMI-DADE COUNTY SCHOOL BOARD to be answered in writing and under oath.

Dated this 9th day of January, 2018.

By: /s Stephanie Langer
Stephanie Langer, Esq.
FBN: 149720
Langer Law, P.A.
Palmetto Bay Centre
15715 S. Dixie Highway, Suite 405
(305) 901.6277 (phone)
(305) 901.6725 (fax)
Slanger@langerlawpa.com
Attorneys for the Plaintiff

## DEFINITIONS AND INSTRUCTIONS

A.    "Defendant," "you" "District" and/or "school" and its possessive form "your" unless specifically named, means or refers to MIAMI-DADE COUNTY SCHOOL BOARD, its agents and attorneys, and any and all other persons purporting to act on its behalf.

B.    "Plaintiff" and/or "student" unless specifically named, means or refers to V.S., her agents and attorneys, and any and all other persons purporting to act on her behalf.

C.    "Documents" shall mean or refer to all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of section 1.280 of the Florida Rules of Civil Procedure, specifically including but not limited to: writings, drawings, graphs, charts, photographs, phone records, data compilations, letters, correspondence, emails, memoranda, minutes, notes, contracts, agreements, memoranda of conversations, tape or mechanical recordings of conversations or transcriptions thereof, computer files, internet transmissions or files, microfilm, desk calendars, periodicals, bulletins, circulars, notices, rules, regulations, prospectives, communications, reports, company worksheets, credit files, evidences or indebtedness, negotiable instruments, or material similar to any of the foregoing, however denominated, that is in the possession, custody, or control of the party upon whom this request is served, or to which the party can obtain access.

D.    "Communications" shall mean or refer to all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, emails, letters, notes, telegrams, advertisements, or other forms of verbal exchange, whether oral or written, and disclosing whether or not mechanically recorded and/or transcribed.

E.    "Relate to", including its various forms such as "relating to", shall mean: consist of, refer to, reflect, or be in any way logically or factually connected with the matter discussed.

F.    With respect to the production of any documents that are claimed to be privileged, a statement shall be provided by the attorney for the Defendant setting forth as to each document:

1.    the name of the sender, if any, of the documents;

2.    the name of the author, if any, of the documents;

3.    the name of the person, if any, to whom copies were sent;

4.    the date of the document;

5.      the date on which the document was received by those having possession of the documents;

6.      a brief description of the nature and subject matter of the document; and

7.      statute, rule, or decision that is claimed to give rise to the privilege.

G.      Whenever appropriate, the singular form of a word should be interpreted in plural.  " and" as well as "or" shall be construed either disjunctively as necessary to bring within scope of this request any information which might otherwise be construed to be outside of the scope.

H.      "Person" means or refers to any individual, corporation, partnership, association, organization, and any other entity of all types and natures.

I.      "Identify", when used with respect to a communication, means to state the name, telephone number and present address or other contact information including email address of each person present at the communication, and to state the subject matter of the communication.  If the communication was in writing, identify all documents that relate to the communication in the manner provided above.

J.      "Identify", when used with respect to an individual, means to state the person's full name, present business affiliation and position, if known, and present home address, past position and business affiliation, if any, with any of the parties herein.

K.      "Identify", when used with respect to a company or other business entity, means to state the company's legal name, the names under which it does business, its telephone number and business address, to specify its form, and to identify its principal proprietors, officers, directors and agents.

L.      "Identify", when used with respect to a government agency or an unincorporated charitable or not for profit association, foundation or program, means to state the entity's legal name, the names under which it operates, the locations from which it operates, to specify its enabling legislation, laws, rules or regulations or its registration as a charitable organization, and to identify its principals, officers, directors and employees or agents that Defendants dealt with and their business addresses.

M.      "Identify", when used with respect to a document, means to state the date, author, addressee, type of document (e.g. "letter"), and to identify its last known custodian and location.  In lieu of identifying any document, you may make the document or documents available for inspection and copying pursuant to 1.340 of the Florida Rules of Civil Procedure by so stating in your answer.

N.      "Date" means the numeric day, month, and year.

O.      Each interrogatory shall be answered separately and fully in writing under oath unless it is objected to, in which event the grounds for objection shall be stated and signed by the attorney making it.

## **INTERROGATORIES**

1.      What is the name and position of the person answering these Interrogatories, and, the number of years this person has been in this position as well as the number of years they have been with the District.

**ANSWER:**

V.S. v. Miami Dade
Page **5** of **13**
_____

2.      Please state the name(s) and position(s) of the person most knowledgeable regarding the

hiring and employment of Jeanette Johnson.  For each person please include the following:

a.      Name
b.      Certifications, if any
c.      Length of employment with School
d.      Length of time taught this student

**ANSWER:**

3.      Please list anyone with knowledge about the incident of September 22, 2016.  For each

person please include the following:

a.      Name
b.      Certifications, if any
c.      Length of employment with district
d.      Length of time acting as an aid, whether individual or for the class, for this student

**ANSWER:**

V.S. v. Miami Dade
Page **6** of **13**
_____

4.     Please list the school administration for the 2016-2017.  For each person please include the

following:

   a.     Name
   b.     Position held
   c.     Length of time in that position
   d.     Length of time with the district

   **ANSWER:**

5.   Please list the bus driver driving the bus on September 22, 2016.

   a.     Name
   b.     Certifications, if any
   c.     Length of employment with district
   d.     Length of time in that position

   **ANSWER:**

6.     Please list any statements taken regarding the incident of September 22, 2016. For each

statement please include the following:

    a.  Name
    b.  Date statement taken
    c.  Position of the person giving statement or if a student

**ANSWER:**

7.     Please list the names and positions of all school personnel, whether administration or staff,

or independent contractors, who were involved in the incident that occurred with V.S. on

September 22, 2016.

**ANSWER:**

V.S. v. Miami Dade
Page **8** of **13**
_____

8.      Please state what was done, if anything, to investigate the incident of September 22, 2016.

   **ANSWER:**

9.      Please state the results of that investigation, if any.

   **ANSWER:**

V.S. v. Miami Dade
Page **9** of **13**
_____

10.     Please state what disciplinary action, if any, was taken against Jeanette Johnson.

     **ANSWER:**

11.     Please state what changes, if any, were made to any polices or procedures following this

incident.

     **ANSWER:**

12. Please state whether there were any cameras on the bus on September 22, 2016.

**ANSWER**:

13. Please state whether the district has any video of the incident in their possession.

**ANSWER**:

14.  Please describe the bus that V.S. was riding on on September 22, 2016.
**ANSWER:**

V.S. v. Miami Dade
Page **11** of **13**
_____

15. Please state how many students were on the bus with V.S. on September 22, 2016.
**ANSWER:**

16. Please state how many adults were on the bus with V.S. on September 22, 2016. For each person please state the following:

    a.  Name
    b.  Position.
    c.  Employee or independent contractor.
    d.  Number of years in the position.
    e.  Number of years with the district.

**ANSWER:**

17. Did the District contract with any company and/or person to provide transportation services for V.S. on September 22, 2016. If yes, please state the name of the company, the number of years the district has worked with this company and if there is a contract for services with this company.

**ANSWER:**

V.S. v. Miami Dade
Page **13** of **13**
_____

I HAVE READ THE FOREGOING ANSWERS TO INTERROGATORIES AND DO SWEAR THAT THEY ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, personally appeared _____, who

swears and deposes that he/she has read the Answers to Interrogatories and that the same are true

and correct to the best of his/her knowledge and belief.

SWORN TO AND SUBSCRIBED before me this ____ day of _____ 2018.

_____

NOTARY PUBLIC, STATE OF _____

AT LARGE

PRINT NAME:

☐   Personally known by me, or

☐   Produced Identification:

Type of Identification:

My Commission Expires:

Filing # 71287907 E-Filed 04/26/2018 01:56:37 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

V.S., by and through her legal
guardian and mother, S.B.                          CASE NO:
                                                   DIVISION:
        Plaintiff,

vs.

MIAMI DADE COUNTY SCHOOL BOARD;
and JEANETTE JOHNSON, individually,

        Defendants.
_____/

## PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION

COMES NOW the Plaintiff, V.S., by and through her legal guardian and mother, S.B., and by and through the undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.350 and 1.280 the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 CFR Part 99, and hereby requests that the Defendants, MIAMI DADE COUNTY SCHOOL BOARD and JEANETTE JOHNSON, produce the following documents and/or items:

## INSTRUCTIONS AND DEFINITIONS

## INSTRUCTIONS

1. If any document is claimed to be immune from discovery on the ground of privilege, please indicate the author, date, recipient and general subject matter of the document, together with the basis on which the privilege is asserted, in lieu of propounding the document. A privilege log can be utilized.

2. If any of the documents cannot be produced in full, produce to the extent possible, and specify the reasons for the inability to produce the remainder.

3. This document request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this request, you are hereby requested to produce such additional documents.

LANGER LAW, P.A. 15715 S. DIXIE HWY, SUITE 405, PALMETTO BAY, FL 33157

4. In responding to this request, provide such documents as are available to you, not merely such documents as are within your own immediate possession.  This means you are to furnish documents, which are known by or in the possession of your employees, representatives or agents, including your attorneys.

## DEFINITIONS

1. The term "educational records" is defined by federal law to mean "those records that are directly related to a student and maintained by an educational agency or by a party acting for the agency." 34 C.F.R. § 99.3.

2. As used herein, "you", "your," "school" or "District" means the party to whom this request is directed, employees, attorneys and accountants employed by that party or anyone or group of the foregoing or any other person acting for on behalf of or under its authority or control.

3. As used herein, the terms "document" and "documents" include, but are not limited to, any written or electronic or graphic matter or record of any type of description including but not limited to, emails, computer files, internet files, photocopies, recordings and all tangible things from which information can be processed or transcribed or retrieved (whether email, internet, recorded, taped or coded electrostatically, electromagnetically or otherwise) whether originals or copies (including but not limited to email, internet, carbon, handwritten, typewritten, microfilmed, photostatic or Xerox copies) and including any non-identical copies, whether different from the original because of any alteration, notes, comments or other material contained thereon or attached thereto, or otherwise, wherever located, however produced or reproduced and in whatever language, and all other things in which words, figures, notations or writings are affixed or sounds I recordings in writing or by any other means, and any such material underlying, supporting or used in the preparation thereof.  It does not require production of duplications.

4. As used herein the terms "observation" and "observations" include, but are not limited to how the word is normally and commonly used in the school context and environment and how it is defined by the dictionary as, "the action or process of observing something or someone carefully or in order to gain information."

5. As used herein the term "communications" includes, but is not limited to, any written or electronic or graphic matter or record of any type of description including but not limited to emails, computer files, internet files, photocopies, recordings, document, letters, notices, notes, papers and all tangible things with the student's name, initials, or any other identifying information regarding this student.

6. As used herein the term "assessment" includes, but is not limited to how the word is normally and commonly used in the school context and environment and includes the gathering of data regarding how a student is performing or progressing and as defined in

LANGER LAW, P.A. 15715 S. DIXIE HWY, SUITE 405, PALMETTO BAY, FL 33157

the dictionary as, "the act of making a judgment about something or the act of assessing something."

7. As used herein the term "evaluation" includes, but is not limited to how the word is normally and commonly used in the school context and environment and includes the gathering of data regarding how a student is performing or progressing and as defined in the dictionary as, "to determine or fix the value of."

8. The terms "student" refers to V.S.

## REQUEST TO PRODUCE

**REQUEST TO PRODUCE N0.1**

Any and all communication between the student, her guardians/advocates and/or the family and the district, whether formal or informal, from September 2016 – December 2016.

**REQUEST TO PRODUCE N0.2**

Any and all internal communications related to this student or family, whether formal or informal from September 2016 through the present.

**REQUEST TO PRODUCE N0.3**

Any and all discipline records for this student, whether formal and informal, related to any incidents on the school bus from 2016 to the present – including but not limited to electronic records, paper records, referrals, suspensions, detentions, removals, data collection, notes, observations or the like.

**REQUEST TO PRODUCE N0.4**

Copy of any and all Functional Assessments of Behavior from 2016.

**REQUEST TO PRODUCE N0.5**

Copy of the IEP in place in September 2016.

**REQUEST TO PRODUCE N0.6**

Copy of any and all IEPs in place in 2016.

**REQUEST TO PRODUCE N0.7**

Copy of all PBIP (positive behavior intervention plan) created and utilized for this student in 2016.

**REQUEST TO PRODUCE N0.8**

Copy of any BIP in place in September 2016.

**REQUEST TO PRODUCE N0.9**

Copy of any and all incident reports, notes, correspondence and/or electronic mail, whether formal or informal, relating to the incident which involved V.S. and occurred on or about September 22, 2016.

**REQUEST TO PRODUCE N0.10**

A full and complete copy of the insurance policy referenced in the August 3, 2017 correspondence from Danay Iglesias, Liability Resolution Manager for Gallagher Bassett inclusive of the declarations page as well as any and all amendments to same.

**REQUEST TO PRODUCE N0.11**

A full and complete copy of the employment file for Jeanette Johnson including any and all intake paperwork, interview notes and discipline records.

**REQUEST TO PRODUCE N0.12**

A full and complete employee file of the employment file of the bus driver driving the bus on September 22, 2016.

**REQUEST TO PRODUCE N0.13**

A copy of all video records related to the incident which occurred on September 22, 2016.

**REQUEST TO PRODUCE N0.14**

A copy of all investigative reports, whether formal or informal, including all notes, statements and other documentation collected throughout the investigation of the incident which occurred on September 22, 2016.

LANGER LAW, P.A. 15715 S. DIXIE HWY, SUITE 405, PALMETTO BAY, FL 33157

**REQUEST TO PRODUCE N0.15**

Copy of any statements taken from employees or teachers or aides or bus drivers or students or

V.S. related to the incident occurring on September 22, 2016.

**REQUEST TO PRODUCE N0.16**

Copy of all information provided to the State Attorney's Office regarding this incident.

**REQUEST TO PRODUCE N0.17**

Any documents relied upon to answer Interrogatories dated January 9, 2018.


Dated this 9th day of January, 2018.


BY:     LANGER LAW, P.A.

s/ Stephanie Langer, Esq.
Stephanie Langer, Esq.
Fla Bar no: 149720
15715 S. Dixie Hwy., Suite 405
Miami, Florida  33157
Tel: 305/901-6277 | fax: 305/901-6275
Email Slanger@langerlawpa.com
*Attorneys for Plaintiff*